**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**TERRY JENKINS**                                                         **PETITIONER**

**v.**                                              **CIVIL ACTION NO. 3:07CV-P688-S**

**HON. FREDERICK COWAN et al.**                          **RESPONDENTS**

**MEMORANDUM OPINION**

Petitioner, Terry Jenkins, filed a *pro se*, *in forma pauperis* complaint styled as a petition

for writ of mandamus (DN 1).  This matter is before the Court for screening pursuant to

28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons

set forth below, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

Petitioner is incarcerated at Louisville Metro Department of Correction.  He sues

Kentucky state-court judge, the Honorable Frederick Cowan; Chuck Gray, Public Defender;

Daniel Goyette, Director of the Public Defender Office; and Dave Stengle, Commonwealth

Attorney.  He alleges that his rights under Sections 2, 3, 4, 11, and 115 of the Kentucky

Constitution and under the First, Fifth, Sixth, Eighth and Fourteenth Amendments of the United

States Constitution have been violated.  He states that he wants this Court to issue a writ of

mandamus pursuant to Kentucky law.

Petitioner alleges that he has been charged with robbery and wanton endangerment.  He

alleges that the Commonwealth Attorney refuses to turn over to his attorney exculpatory

evidence and Judge Cowan has refused to order the prosecutor to produce the exculpatory

evidence.  He further alleges that Respondent Gray never filed certain motions on his behalf,

forcing Petitioner to file his own motions, and that Respondent Gray made "racial remarks."  He

alleges that Respondents' actions constitute misconduct and malfeasance under state law.

Petitioner requests as relief that the judge and attorneys be required to recuse themselves and that all exculpatory evidence be turned over to him.  He also requests the following monetary damages:  (1) $5,000 per day until the state court makes its ruling; (2) $100,000 for Respondent Gray's racial remarks; (3) damages for pain and suffering; and (4) punitive damages.

## II. <u>ANALYSIS</u>

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1) and (2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007).

***Mandamus***

Rule 81(b) of the Federal Rules of Civil Procedure abolishes the writ of mandamus. Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the

nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Petitioner."  Petitioner, however, does not ask this Court to compel any officer, employee, or agency of the *United States* to perform any duty owed him.  Rather, he asks the Court to compel a *state* court to act, and "federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." *Haggard v. Tenn.*, 421 F.2d 1384, 1386 (6th Cir. 1970).  However, although the federal court may not compel a state officer to enforce state rights, it may issue a writ of mandamus ordering a state official to enforce rights protected by federal law.  *CBS Inc. v. Young*, 522 F.2d 234 , 242 (6th Cir. 1975).  Regardless of whether a constitutional right exists, Petitioner still needs a jurisdictional basis upon which to bring this matter in this Court.  *Haggard*, 421 F.2d at 1386 ("It is settled that a federal court has no general jurisdiction to issue writs of mandamus where that is the only relief sought. ").

To the extent that Petitioner is alleging federal constitutional violations by government officials he must utilize 42 U.S.C. § 1983.  *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992); *Henderson v. Corrections Corp. of Am.*, 918 F. Supp. 204, 208 (E.D. Tenn. 1996).  Even if this Court were to treat this action as one for relief under 42 U.S.C. § 1983, it still fails.  Section 1983 actions require exhaustion of administrative or state remedies prior to filing suit in this Court.  Furthermore, mandamus should not issue unless all of the avenues of relief have been exhausted.  *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).  Mandamus is an extraordinary remedy, to be afforded only when the party seeking the writ has no other adequate means of obtaining the relief he desires.  *Allied Chem. Corp. v. Daiflon, Inc*., 449 U.S. 33, 34-35 (1980).  The petition gives no indication that Petitioner has no other adequate means to obtain

3

his desired relief.  His request for mandamus relief must be dismissed for failure to state a claim upon which relief may be granted.  *See* § 1915A(b)(1).

### Claims for damages

To the extent that Petitioner claims damages, his petition is in the nature of a § 1983 suit. However, he fails to state a claim under § 1983 and has sued persons immune from such relief.

Petitioner does not indicate in which capacity he sues Respondents.  Because Petitioner references them in the context of their official positions, the claims will be construed as brought against them in their official capacity.  *See Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) (en banc) (where § 1983 plaintiff fails to affirmatively plead capacity in the complaint, the Court looks to the course of proceedings to determine whether the Sixth Circuit's concern about notice to the defendant has been satisfied).

Because Petitioner sues Respondents in their official capacities, the claims brought against the state officers are deemed claims against the Commonwealth of Kentucky itself.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  To state a § 1983 claim, a Petitioner must allege that a "person" acting under color of state law deprived the Petitioner of a right secured by the Constitution or federal law.  *See* § 1983.  States, state agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989).  Thus, in seeking money damages from the state officers (Defendants Cowan and Stengle) in their official capacities, Petitioner fails to allege cognizable claims under § 1983.  Moreover, Respondents are immune from monetary damages under the Eleventh Amendment.  *See id.*

4

*Federal claims against public defender*

Public defenders are not liable to suit under § 1983 because public defenders do not act under color of state law when representing indigent clients in criminal proceedings. *Polk County v. Dodson*, 454 U.S. 312, 325 (l981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Thus, the allegations against the public defenders fail to state a cognizable § 1983 claim. If Petitioner is convicted and thereafter believes that his conviction was the result of ineffective assistance of counsel, he may raise this issue in a state court proceeding or on petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 after exhausting all available state court remedies.

*State law claims*

Petitioner also alleges that provisions of the Kentucky Constitution were violated by Respondents. Because Petitioner's federal law claims will be dismissed, the Court declines to exercise its supplemental jurisdiction over Petitioner's state law claims. *See* 28 U.S.C. § 1367(c)(3). Those claims will be dismissed without prejudice.

### III. <u>CONCLUSION</u>

The Court will enter a separate order dismissing all of the federal claims with prejudice and the state-law claims without prejudice.

Date:

cc:     Petitioner, *pro se*
        Respondents
        Jefferson County Attorney
4411.009

6